# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## Southern Division

| | |
|---|---|
| JOANNE KELSON, | * |
| Plaintiff, | * |
| | * Civil No. TMD 16-931 |
| v. | * |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | * |
| Defendant.[1] | * |

## MEMORANDUM OPINION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Joanne Kelson seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment (ECF No. 18) and Defendant's Motion for Summary Judgment (ECF No. 25).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Defendant's Motion for Summary

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. She is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

Judgment (ECF No. 25) is **GRANTED**, Plaintiff's Motion for Summary Judgment (ECF No. 18) is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

I

**Background**

Plaintiff was born in 1969, has a GED, and previously worked as a overnight stocker and cashier/fast-food worker. R. at 24, 224-25. Plaintiff protectively filed applications for DIB and for SSI on October 13, 2010, alleging disability beginning on May 19, 2010, due to severe depression. R. at 13, 224. The Commissioner denied Plaintiff's applications initially and again on reconsideration, so Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). R. at 28-123. On July 22, 2014, ALJ Jeffrey M. Jordan held a hearing at which Plaintiff and a vocational expert ("VE") testified. R. at 479-505. On November 19, 2014, the ALJ issued a decision finding Plaintiff not disabled from the alleged onset date of disability of May 19, 2010, through the date of the decision. R. at 10-26. Plaintiff sought review of this decision by the Appeals Council, which denied Plaintiff's request for review on January 28, 2016. R. at 5-8. The ALJ's decision thus became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481; *see also Sims v. Apfel*, 530 U.S. 103, 106-07, 120 S. Ct. 2080, 2083 (2000).

On March 29, 2016, Plaintiff filed a complaint in this Court seeking review of the Commissioner's decision. After the parties consented, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

# II

## Summary of Evidence

### A. Naomi Constantine, CRNP

On August 3, 2010, Naomi Constantine, a certified registered nurse practitioner, opined that, among other things, Plaintiff experienced moderate restriction in activities of daily living and moderate difficulties in maintaining social functioning. R. at 276. Plaintiff often experienced difficulties in maintaining concentration, persistence, or pace, but did not experience episodes of decompensation of extended duration. R. at 276. Ms. Constantine opined that Plaintiff was able to work in a setting that accommodated her condition. R. at 273. Ms. Constantine also opined, however, that Plaintiff's medical condition prevented her from working. R. at 277.

### B. State Agency Medical Consultants

On March 9, 2011, a state agency consultant, Howard S. Leizer, Ph.D., using the psychiatric review technique ("PRT") under 20 C.F.R. §§ 404.1520a and 416.920a, evaluated Plaintiff's mental impairments under Listings 12.04 and 12.06 relating to affective disorders and anxiety-related disorders (R. at 49-50, 57-58). *See* 20 C.F.R. pt. 404, subpt. P, app. 1 §§ 12.04, 12.06. Dr. Leizer opined that, under paragraph B of the applicable listings, Plaintiff's mental impairments caused her to experience (1) mild restriction in activities of daily living; (2) mild difficulties in maintaining social functioning; (3) mild difficulties in maintaining concentration, persistence, or pace; and (4) no repeated episodes of decompensation of extended duration. R. at 50, 58. Dr. Leizer did not find evidence to establish the presence of the criteria under paragraph C of the applicable listings. R. at 50, 58. Plaintiff's mental impairment or combination of

mental impairments did not significantly limit her ability to perform basic work activities. R. at 50, 58.

On April 16, 2011, another state agency consultant, Louis Perrott, Ph.D., again used the PRT to evaluate Plaintiff's mental impairments under Listings 12.04 and 12.06. R. at 41-42. Dr. Perrott opined that, under paragraph B of the applicable listings, Plaintiff's mental impairments caused her to experience (1) mild restriction in activities of daily living; (2) mild difficulties in maintaining social functioning; (3) mild difficulties in maintaining concentration, persistence, or pace; and (4) no repeated episodes of decompensation of extended duration. R. at 42. Dr. Perrott did not find evidence to establish the presence of the criteria under paragraph C of the applicable listing. R. at 42. Dr. Perrott found that Plaintiff's mental impairments were not severe. R. at 42.

On September 21, 2011, another state agency medical consultant, John Sadler, M.D., assessed Plaintiff's physical residual functional capacity ("RFC"). R. at 33-35. Dr. Sadler opined that Plaintiff could (1) lift and/or carry fifty pounds occasionally and twenty pounds frequently; (2) stand and/or walk for a total of about six hours in an eight-hour workday; (3) sit for about six hours in an eight-hour workday; and (4) perform unlimited pushing and/or pulling. R. at 33. Plaintiff frequently could stoop, kneel, crouch, crawl, and climb ramps and stairs (but occasionally ladders, ropes, or scaffolds). R. at 34. She could perform unlimited balancing. R. at 34. Because of her COPD with mild shortness of breath and severe headaches, Plaintiff was to avoid concentrated exposure to noise, fumes, odors, dusts, gases, and poor ventilation. R. at 34-35. She had no manipulative, visual, or communicative limitations, however. R. at 34.

On September 26, 2011, another state agency consultant, Jeanne Buyck, Ph.D., again used the PRT to evaluate Plaintiff's mental impairments under Listing 12.04. R. at 31-32. Dr.

Buyck opined that, under paragraph B of the applicable listing, Plaintiff's mental impairments caused her to experience (1) no restriction in activities of daily living; (2) no difficulties in maintaining social functioning; (3) mild difficulties in maintaining concentration, persistence, or pace; and (4) no repeated episodes of decompensation of extended duration. R. at 32. Dr. Buyck did not find evidence to establish the presence of the criteria under paragraph C of the applicable listing. R. at 32. Dr. Buyck found that Plaintiff's symptoms of depression were controlled by medication. R. at 32.

C. **Plaintiff's Testimony**

The ALJ summarized Plaintiff's testimony in his decision:

> At the hearing, [Plaintiff] testified that she cooks for her son, helps him with his homework and sometimes rides a bicycle with him. She lives with her son and a friend. [Plaintiff] tries to read books and magazines to help with her concentration. She reported being able to sit for about 30 minutes at a time and that she can lift a bag of groceries. [Plaintiff] complained of a vision problem when her blood pressure is elevated. [Plaintiff] reported having knee pain and indicated that she was scheduled for an x-ray of the knee. She also complained of pain in her right hand and ["]diabetic nerve on the right side." [Plaintiff] testified that she has pain in both shoulders. [Plaintiff] reported that she has chronic headaches and depression.

R. at 19; *see* R. at 484-502.

D. **VE Testimony**

The VE testified that a hypothetical individual with the same age, education, and work experience as Plaintiff and with the RFC outlined below in Part III could not perform Plaintiff's past work but could perform the light job of non-postal mail sorter and the sedentary jobs of document specialist and addresser.[3] R. at 502-04. No work would be available to this

---

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. §§ 404.1567(a), 416.967(a). "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." *Id.* §§ 404.1567(b), 416.967(b).

5

hypothetical individual who also could only occasionally finger, grasp, handle, and reach with his right dominant upper extremity. R. at 504. According to the VE, her testimony was consistent with the *Dictionary of Occupational Titles*.[4] R. at 504.

## III

### Summary of ALJ's Decision

On November 19, 2014, the ALJ found that Plaintiff (1) had not engaged in substantial gainful activity since the alleged onset date of disability of May 19, 2010; and (2) had an impairment or a combination of impairments considered to be "severe" on the basis of the requirements in the Code of Federal Regulations; but (3) did not have an impairment or a combination of impairments meeting or equaling one of the impairments set forth in 20 C.F.R. pt. 404, subpt. P, app. 1; and (4) was unable to perform her past relevant work; but (5) could perform other work in the national economy, such as a document specialist or addresser. R. at 15-25. The ALJ thus found that she was not disabled from May 19, 2010, through the date of the decision. R. at 25.

> In so finding, the ALJ found that Plaintiff had the RFC
>
> to perform less than a full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). [Plaintiff] is able to lift, carry, push and pull up to 10 pounds occasionally from waist to chest level. [Plaintiff] has to avoid overhead work activity. [Plaintiff] can walk two hours, stand for six hours and sit six hours in an eight-hour workday. [Plaintiff] has to avoid crawling and climbing of ladders, ropes and scaffolds but she can perform other postural activities on an occasional basis. [Plaintiff] requires unskilled work with

---

[4] "The Social Security Administration has taken administrative notice of the *Dictionary of Occupational Titles*, which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs." *Massachi v. Astrue*, 486 F.3d 1149, 1152 n.8 (9th Cir. 2007); *see Pearson v. Colvin*, 810 F.3d 204, 205 n.1 (4th Cir. 2015); *DeLoatche v. Heckler*, 715 F.2d 148, 151 n.2 (4th Cir. 1983); 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1). "Information contained in the [*Dictionary of Occupational Titles*] is not conclusive evidence of the existence of jobs in the national economy; however, it can be used to establish a rebuttable presumption." *English v. Shalala*, 10 F.3d 1080, 1085 (4th Cir. 1993).

occasional, brief, superficial interaction with the public and co-workers. [Plaintiff] has to avoid fast-paced work such as assembly line jobs involving production quotas. [Plaintiff] has to avoid constant fingering, grasping, handling and reaching. [Plaintiff] has to avoid working around hazards such as moving, dangerous machinery and unprotected heights. [Plaintiff] has to avoid work requiring constant, bilateral vision. [Plaintiff] has to avoid noisy working conditions but office level noise is acceptable. [Plaintiff] has to avoid concentrated exposure to respiratory irritants and extreme temperatures and humidity.

R. at 18. The ALJ noted that

Ms. Constantine, [Plaintiff's] nurse practitioner, who saw [Plaintiff] regularly, reported that she had "moderate" limitations in social functioning and concentration in August 2010 [R. at 273-77]. Ms. Constantine is not a medically acceptable source but her conclusions regarding [Plaintiff's] mental limitations are more consistent with the subsequent treatment records than the GAF of 50, which appeared to be based mainly on [Plaintiff's] subjective complaints [R. at 327-95].

R. at 23.

## IV

## **Disability Determinations and Burden of Proof**

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[5]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled,

---

[5] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the

national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

V

**Substantial Evidence Standard**

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v.*

*Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## VI

### Discussion

Plaintiff contends that remand is warranted because the ALJ did not explain "the genesis of the restrictions contained within the" RFC assessment. Pl.'s Mem. Supp. Mot. Summ. J. 6, ECF No. 18-1. She further maintains that the ALJ failed to evaluate properly the evidence of Ms. Constantine's opinion. *Id.* at 6-7. Plaintiff also asserts that, although the ALJ found that her migraine headaches were a severe impairment, he failed to include any limitation addressing the frequency and duration of her headaches in the RFC assessment, without explanation. *Id.* at 8. For the reasons that follow, Plaintiff's contentions are unavailing.

Social Security Ruling[6] ("SSR") 96-8p explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

---

[6] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote omitted) (citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

Plaintiff first contends that, by failing to set forth a narrative discussion while assessing her RFC, the ALJ did not comply with SSR 96-8p. Pl.'s Mem. Supp. Mot. Summ. J. 3-6, ECF No. 18-1. The ALJ in his decision, however, found that the RFC assessment

> is supported by the evidence of persistent headaches, fluctuating blood sugar levels, elevated blood pressure, intermittent pelvic pain, anxiety and depression, which combine to limit [Plaintiff] to the performance of sedentary work activities with additional non-exertional and mental limitations reflecting the moderate restrictions in social functioning and concentration, persistence or pace. The undersigned has given [Plaintiff] the benefit of the doubt regarding her complaints of hearing problems, vision problems and pain in her hands (despite the lack of evidence of these symptoms causing significant functional limitations for a

>continuous period of at least 12 months), by incorporating the limitations on bilateral vision, grasping/handling/reaching and noise levels in the [RFC].

R. at 23-24. Contrary to Plaintiff's assertion, in assessing her RFC, the ALJ considered the treatment records, opinion evidence, hearing testimony, and her credibility (R. at 15-24). *See Chandler v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-12-2712, 2014 WL 457746, at *2 (D. Md. Jan. 31, 2014) ("[T]he ALJ provided approximately a four-page written narrative on her RFC alone, in which he summarized [the claimant's] hearing testimony, made a credibility determination, reviewed both the treatment records and the opinion evidence, and noted observations from the hearing. [The claimant's] boilerplate argument is therefore inapplicable in this case." (citation omitted)). Plaintiff's contention in this regard thus is unavailing.

Plaintiff next maintains that the ALJ erred in evaluating the opinions of Ms. Constantine, who is not an "acceptable medical source" but an "other source." Pl.'s Mem. Supp. Mot. Summ. J. 6-7, ECF No. 18-1. She asserts that, in considering Ms. Constantine's opinions, the ALJ failed to address the factors in SSR 06-3p and in 20 C.F.R. §§ 404.1527(c) and 416.927(c). *Id.* at 7. Impairments may only be established with evidence from "acceptable medical sources." *Jones v. Berryhill*, 681 F. App'x 252, 255-56 (4th Cir. 2017) (per curiam) (citing 20 C.F.R. §§ 404.1502, 404.1513(a)). SSR 06-3p "instructs ALJs to consider evidence from sources other than 'acceptable medical sources' . . . because such 'other sources' evidence 'may provide insight into the severity of the impairment(s)' established by acceptable medical sources." *Id.* at 256. SSR 06-3p "also instructs that ALJs 'generally should explain the weight given to opinions from these "other sources."'" *Id.* Here, contrary to Plaintiff's argument, an ALJ, when analyzing the opinions of "other sources," such as Ms. Constantine, may, but is not required to, use the factors set out in 20 C.F.R. §§ 404.1527(c) and 416.927(c). *See Mason v. Astrue*, Civil No. JKS-10-2157, 2013 WL 990399, at *3 (D. Md. Mar. 12, 2013). Further, because Ms. Constantine is not

13

an acceptable medical source, her opinion can never be entitled to controlling weight. *Cf.* 20 C.F.R. §§ 404.1527(a)(2), (c)(2), 416.927(a)(2), (c)(2). "No principle of administrative law or common sense requires [the Court] to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) (Posner, J.). Plaintiff, moreover, fails to demonstrate any inconsistency between Ms. Constantine's opinions and the ALJ's RFC assessment. Even if the ALJ had erred in his evaluation of Ms. Constantine's opinions, Plaintiff "has failed to point to *any* specific piece of evidence not considered by the Commissioner that might have changed the outcome of [her] disability claim." *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014). Plaintiff's argument regarding the ALJ's consideration of Ms. Constantine's opinions thus is without merit as well.

Plaintiff finally contends that, in assessing her RFC, the ALJ erred in failing to include limitations relating to her migraine headaches, which the ALJ found to be a severe impairment (R. at 15-16). Pl.'s Mem. Supp. Mot. Summ. J. 8, ECF No. 18-1. As noted in Part IV above, the Commissioner determines at step two of the five-step sequential evaluation process whether the claimant has a medically severe impairment or combination of impairments. "Step two of the sequential evaluation is a threshold question with a de minimis severity requirement." *Felton-Miller v. Astrue*, 459 F. App'x 226, 230 (4th Cir. 2011) (per curiam). In other words, "the step-two inquiry is a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citing *Yuckert*, 482 U.S. at 153-54, 107 S. Ct. at 2297-98). Thus, "[t]he findings that the [Commissioner] must make at steps two and four . . . are quite different." *Taylor v. Astrue*, Civil Action No. BPG-11-0032, 2012 WL 294532, at *8 (D. Md. Jan. 31, 2012). "At step four, on the other hand, the [Commissioner] must look to all the

evidence on record and determine more precisely how, if at all, the claimant's impairments limit her ability to work." *Id.* "It is possible, therefore, for [the Commissioner] to find at step two that a claimant's condition is severe—because the medical evidence does not conclusively prove otherwise—and yet at step four find no substantial evidence that the condition actually limits the claimant's ability to work." *Id.* Thus, "an ALJ is not required to include a corresponding limitation for each severe impairment." *Copes v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-11-3487, 2013 WL 1809231, at *1 (D. Md. Apr. 26, 2013). Here, the ALJ found that Plaintiff's headaches and other severe impairments "significantly limit [her] ability to perform basic work activities by restricting her capacity to lift, carry, walk, stand, interact appropriately with others in the workplace and sustain concentration for the completion of complex or detailed tasks." R. at 15-16. The ALJ noted, however, that Plaintiff's medical records documented conservative treatment for migraine headaches, diabetes, and hypertension. R. at 16 (citing R. at 286-312, 327-95, 399-420). Because Plaintiff has not identified any evidence of greater limitations resulting from her severe impairments, including her migraine headaches, that the ALJ should have included in the RFC assessment, Plaintiff's argument in this regard also is unavailing.

In sum, substantial evidence supports the decision of the ALJ, who applied the correct legal standards here. Thus, Defendant's Motion for Summary Judgment is **GRANTED**, Plaintiff's Motion for Summary Judgment is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

## VII

## Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 25) is **GRANTED**. Plaintiff's Motion for Summary Judgment (ECF No. 18) is **DENIED**. The Commissioner's final decision is **AFFIRMED**. A separate order will issue.

Date: September 25, 2017

/s/
Thomas M. DiGirolamo
United States Magistrate Judge